Larry Wayne **COFFEY**, Appellant,

v.

Leonard Byron **LECHLER**, Appellee.

No. 17609.

Court of Civil Appeals of Texas, Fort Worth.

May 9, 1975.

Rehearing Denied June 13, 1975.

Roger M. Norman, Fort Worth, for appellant.

Law Offices of John B. Garrett, and John L. Gamboa, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

This is an adoption case. Appellant Coffey is the natural father of Melissa Ann. He and his former wife were divorced in Tarrant County, Texas on 17 August, 1971, pursuant to the judgment order in which the custody of Melissa Ann, then a little over three years of age, was given the wife. In November of 1971 the wife married Appellee Lechler. At all times the legal residence of Melissa Ann has been in Tarrant County. Appellee's wife, Mrs. Lechler, consented to the application of her husband to adopt Melissa Ann. Appellant, the natural father, did not consent.

Following a hearing at which all parties appeared the court permitted the adoption applied for. Predicate therefor was by the court, as fact finder, making the determination that Appellant had failed to contribute substantially to the support of Melissa Ann commensurate with his financial ability for the two-year period, to-wit: the interval between 17 August, 1971 (date of divorce) and 17 August, 1973. The natural father appealed.

We affirm.

That the trial court was authorized by law to select such two-year period is not contested.

Inapplicable at any time as applied hereto is Title 2 of Texas' Family Code, V.T.C.A.

In effect at all material times was the law in Vernon's Ann.Tex.Civ.St., Title 3, "Adoption", Art. 46a, "Proceedings for adoption . . .," Sec. 6(a), "Consent of parents and child; exceptions", reading in part as follows: "Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent . . . voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, . . . or if such parent . . . shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, . . . it shall not be necessary to obtain the writ-

ten consent of the living parent . . . in such default, and in such cases adoption shall be permitted on the written consent of the Judge . . . ."

Upon the two (2) year period during which the factual determination was made that Appellant had failed to contribute substantially to the support of Melissa Ann commensurate with his ability, the undisputed facts were that a single payment of child support in the amount of $20.00 was made 14 August, 1973. This was three days before the termination of the two-year period in question.

■ It is obvious that if Appellant's resources amounted to only the sum of $1,000.00 within the period he contributed no more than .02% thereof to the support of the child. The Appellant, himself, testified to earnings from income which without question would have exceeded $1,000.-00. Furthermore he was living with his parents without obligation to pay room and board. He had made several lengthy trips from where he was living in North Carolina to other states. To make these trips there was necessarily required an expenditure of funds. Appellant testified that the money therefor had been provided by his parents, but this was not corroborated. The Court, as the fact finder, was free to disbelieve his testimony as to the source of funds while believing that they were funds of Appellant which he was free to spend as he chose, and that at least a part of it could have and should have been contributed to the support of Melissa Ann.

Furthermore the Appellant testified that he had found himself able to have dates with women and to engage in social pleasures. In all reasonable probability these would have required the expenditure of funds which he could have and should have used to contribute to the support of his child. He had purchased an automobile. He had paid debts owed to third persons.

Consideration given to the "key words" of Art. 46a, Sec. 6(a) applicable in this case, to-wit: "commensurate with his financial ability", the facts adduced upon trial amply supported the court's finding that Appellant had failed, for a period of two years, to substantially contribute to the support of his child commensurate with his financial ability; that the $20.00 paid was less than the requirement of the law by the term "commensurate with his financial ability" to pay.

During the selected two-year period between 17 August, 1971 and 17 August, 1973 there were several months during which Melissa Ann was with her father in North Carolina. For this period Appellant claims entitlement for credit as one in which he was providing for her entire support. The evidence showed that his possession of the child was the result of having surreptitiously abducted her without the consent of his former wife and without the consent of Appellee, to whom she was married at the time. Further evidence showed the necessity thereby occasioned for the Appellee and his wife to expend time and money in locating Melissa Ann, in employing an attorney to go into court in North Carolina to gain her possession by temporary order; later to return to North Carolina for a hearing of the North Carolina case on the merits.

■ To allow Appellant any credit for the period when he had his child, in violation of law, would be to reward him because of his transgression. Public policy requires that as applied to these adoption proceedings Appellant not be credited with any benefit in respect to having provided support during such period of time, it having been a mere consequence of Appellant's breach of the law by willful violation of the custody court order made a part of the divorce decree. See, generally, 72 C.J.S. Public Policy p. 209; Cheney v. Coffey, 131 Tex. 212, 113 S.W.2d 162 (1938).

Appellant relies principally upon the recent case of Cawley v. Allums, 518 S.W.2d

790 (Tex.Sup., 1975). It is his claim that the single $20.00 payment made three days prior to the expiration of the two-year period selected by the court, as that within which he had failed to properly contribute to Melissa Ann's support, eliminated authority of the court to permit Melissa Ann's adoption without his consent. That $20.00 payment was in compliance with the order of the court relative to the amount per week which Appellant was obligated to pay (though no payment of other amounts due to be paid by the week had theretofore been paid) and it was made before the expiration of the two-year period selected by the court. Appellant insists that by Cawley v. Allums a single full support payment, made in compliance with the order of the court before the elapse of two years, prohibits adoption without his consent and, at most, marks a time antecedent to which there could not be calculation of a two-year period of failure to support for purposes of the adoption statute (Art. 46a, Sec. 6(a)).

In Cawley v. Allums there had been a divorce of the natural parents of a minor child, followed by a period of time in which the father had paid approximately 60% of the monthly amounts ordered. In January, 1972 the court entered its order reducing the support payments to $135.00 per month. The payment due for February was made. The payment due for March was not paid, and nothing more was paid for eleven months. Token payments were made thereafter during the subsequent seven months. As we construe the opinion it does no more than hold that the court having in January entered an order reducing the amount of child support payments required by prior order of the court, and one payment having been made in February in compliance with the new order of the court, the two-year period contemplated by Art. 46a could not "begin to run" until there was failure, in March, to make payment required by the new order. As we read the opinion there was no construction of the words in the Article which are

material in the instant case, to-wit: ". . . during such period of two (2) years commensurate with his financial ability". Nothing in Cawley v. Allums requires that we reverse the judgment in this case.

 Here the period of Appellant's failure to support his child began on date of his divorce; by the evidence the $20.00 paid nearly two years thereafter plus evidence of some ability to have paid at an earlier time and/or a greater amount presents evidence amply supporting a finding that there was failure to contribute substantially to the support of the minor child *commensurate with his ability*. That finding having been made the court did not err in permitting the adoption over protest of the Appellant.

Judgment is affirmed.