**H. W. J., Sr., Appellant,**

v.

**The STATE DEPARTMENT OF PUBLIC WELFARE, Appellee.**

No. 8381.

Court of Civil Appeals of Texas, Texarkana.

Oct. 12, 1976.

Rehearing Denied Nov. 16, 1976.

Carter O. Beckworth, Longview, for appellant.

Odis R. Hill, Dist. Atty., Longview, for appellee.

CORNELIUS, Justice.

In a suit brought by the State Department of Public Welfare, the trial court rendered judgment terminating the parent-child relationship between appellant and his children, A.M.J. and H.W.J., Jr.

Section 15.02(1) (Supp.1975), Texas Family Code, authorizes the court to terminate the parent-child relationship if the parent has engaged in the conduct specified in any of the various subparagraphs of that section, and if the court finds termination to be in the best interests of the children. The court's judgment here was based on its findings that termination was in the best

interests of the children and that appellant had engaged in the conduct described in subparagraphs (C), (D) and (E). Those subparagraphs refer to the conduct of a parent who has:

"(C) voluntarily left the child alone or in the possession of another not the parent and, although expressing an intent to return, failed to do so without providing adequate support of the child and remained away for a period of at least six months; or

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child."

Appellant's only contention on appeal is that the court's judgment was actually based on the fact that he had been sentenced to a life term in the Texas Department of Corrections, and he asserts that such fact is legally insufficient to show the conduct described in either subparagraphs (C), (D) or (E) of Sec. 15.02(1).

The evidence, viewed most favorably to the judgment, is summarized as follows: The children's mother was a prostitute. She married appellant when she was pregnant with A.M.J., a girl who is now 9 years of age. H.W.J., Jr., a boy who is now 5 years of age, was born some four years after the marriage. The little girl was born without rectal or vaginal openings. She has undergone surgery to partially correct the abnormalities and will require additional surgery in order to completely recover and lead a normal life. Appellant had a long history of criminal conduct prior to his marriage to the children's mother. Shortly before the birth of the second child, he again embarked upon a course of criminal conduct which culminated in his sentence of life imprisonment. During his incarceration, the children were left with the mother part of the time and were shuttled about in foster homes at other times. Prior to the filing of these proceedings, the mother abandoned the children, and she has filed a voluntary relinquishment of her parental rights. Appellant conceded that the mother was a dangerous and unfit person and that it was unsafe and unwholesome for the children to be with her. Appellant has been in prison since 1971 and will not be eligible for parole until 1984. In 1971, he filed petitions with the State Department of Public Welfare and the Gregg County Welfare Unit requesting that they find suitable adoptive parents for his children. Those petitions recite a long history of unwholesome circumstances and neglect surrounding the children, and contain repeated representations that their health and safety were being adversely affected by their presence with the mother. The following excerpts illustrate the content of those petitions:

"The Petitioner would like to see his aforesaid two children adopted into a home of responsible parents that would take the x-convict name from them, and therefore give my children a chance to find the real love and affection and medical care under another name that would erase my past record from their future."

"Petitioner . . . is filing this Petition in good faith and hope, and in the best interest of his above said two children. Petitioner prays, that this Honorable Texas State Child Welfare Department, . . . will act as fast as possible to take into custody, Petitioner's two (2) children, . . . .. Petitioner's wife . . . is incapable of taking care of the aforesaid . . . two (2) children and will further 'endanger' their lives, as Petitioner will show this Honorable Texas State Welfare Department."

"Petitioner also states that his wife has left him many times and hitch-hiked rides with truck drivers, and took our little four year old daughter . . . out on the High-way and hitch-hiked rides, endangering *both* their lives."

"Both Petitioner . . . and Petitioner's wife . . . are 'Not' and 'Will Not' be able to take responsible care of

their two children, because of the prison terms that we are both facing."

Despite his previous requests that the children be placed for adoption, appellant now resists any termination of his parental rights. He testified at the trial that his most recent criminal conduct was actually for the benefit of his children as he was attempting to secure money with which to begin a business of his own so that he could provide suitable support. He hopes to be released on parole in or prior to 1984, and now contends that even while in prison he will furnish parental guidance and advice which would inure to the children's benefit. In rebuttal, appellee presented evidence that appellant made no personal contact with the children and provided no means of sustenance for them from 1971 to 1974, the children do not recognize appellant as their father, and that appellant has only seen the younger child once for about 5 minutes during a jail visit in 1971.

The mere imprisonment of a parent, *of and by itself,* does not constitute intentional abandonment of his children. *Jordan v. Hancock,* 508 S.W.2d 878 (Tex. Civ.App. Houston-14th District 1974, writ ref'd n. r. e.); *Hutson v. Haggard,* 475 S.W.2d 330 (Tex.Civ.App. Beaumont 1971, no writ). See also *In Re K,* 520 S.W.2d 424 (Tex.Civ.App. Corpus Christi 1975) affirmed, 535 S.W.2d 168 (Tex.1976). Neither would imprisonment, *of and by itself,* constitute the conduct described by subparagraphs (C), (D) or (E) of Sec. 15.02(1). But if such imprisonment is the result of, or is coupled with, a voluntary, deliberate and conscious course of conduct which has the effect of placing or allowing the children to remain in conditions which endanger their physical or emotional well-being, a finding under subparagraphs (D) and (E) may be justified. The record here will reasonably support a conclusion that appellant followed such a course, and that his criminal activities, together with the other circumstances indicating a disregard of the children's well-being, constituted the conduct specified by subparagraphs (D) and (E) of Sec. 15.02(1). Therefore, the trial judge's finding, as to subparagraphs (D) and (E), is supported by

sufficient evidence and his judgment must be affirmed.

It is so ordered.