In the Interest of S.D.H., a Child.

No. 5353.

Court of Civil Appeals of Texas, Eastland.

Dec. 13, 1979.

Rehearing Denied Jan. 3, 1980.

Curtis C. Mason, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, for appellant.

Mike Siebert, Emory C. Walton, Dist. Atty., Saul Pullman, Eastland, for appellee.

RALEIGH BROWN, Justice.

This is a suit to terminate the parental rights of the parents of S.D.H. Following a nonjury trial, judgment was entered terminating the parental rights of both parents and naming Brenda Steinman as managing conservator of the child. Only the father, James L. Hicks, appeals. We reverse and remand in part and affirm in part.

The issue for determination is whether a parent's imprisonment, prior to the birth of a child, permits termination of his parental rights under Tex.Fam. Code Ann. § 15.02, Subsections (1)(A) and (B) (Vernon 1975).

The trial court found (1) the parents voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return; and (2) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months. The father contends there is no evidence or factual insufficient evidence to support such findings.

In reviewing the no evidence point, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings and rejecting the evidence and inferences contrary to the findings. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974). We must consider all the evidence in

deciding the factually insufficient point. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

At the time of S.D.H.'s birth, James L. Hicks was incarcerated in the Texas Department of Corrections serving sentences for convictions of rape and statutory rape. There is no showing of Hick's conduct subsequent to S.D.H.'s birth.

■ Under Tex.Fam. Code Ann. § 15.02 (Vernon 1975), a court is not empowered to enter a judgment of termination in face of a parent's objection simply on the ground that the child's welfare warrants the termination. Judicial inquiry as to the child's welfare and best interest must be deferred pending a satisfactory showing of the preliminary and fundamental fact concerning the nonconsenting parent's conduct.

The court in *H.W.J. v. State Department of Public Welfare*, 543 S.W.2d 9 (Tex.Civ. App.—Texarkana 1976, no writ) noted at 32 Sw.L.J. 158 (1978), said:

The mere imprisonment of a parent, *of and by itself*, does not constitute intentional abandonment of his children. *Jordan v. Hancock*, 508 S.W.2d 878 (Tex.Civ. App.—Houston (14th Dist.) 1974, writ ref'd n.r.e.); *Hutson v. Haggard*, 475 S.W.2d 330 (Tex.Civ.App.—Beaumont 1971, no writ). See also *In Re K*, [520 S.W.2d 424 (Tex.Civ.App.—Corpus Christi 1975) affirmed, 535 S.W.2d 168 (Tex. 1976). Neither would imprisonment, of and by itself, constitute the conduct described by subparagraphs (C), (D) or (E) of Sec. 15.02(1). But if such imprisonment is the result of, or is coupled with, a voluntary, deliberate and conscious course of conduct which has the effect of placing or allowing the children to remain in conditions which endanger their physical or emotional well-being, a finding under subparagraphs (D) and (E) may be justified.

In *Elliott v. Maddox*, 510 S.W.2d 105 (Tex.Civ.App.—Fort Worth 1974, no writ), noted at 78 A.L.R.3d 712, the court said:

Since the criminal offense for which Elliott was convicted and incarcerated occurred prior to the birth of the child such, even if it were possible that commission of the offense be deemed a voluntary act of abandonment of some person, assuredly could not have been an act of abandonment of anyone then not yet born.

■ Since events which occurred prior to the birth of a child could not constitute abandonment, such events cannot constitute the voluntary leaving of a child alone or in the possession of another not the parent. The trial court, therefore, erred in granting termination based on Tex.Fam. Code Ann. § 15.02 (1975)[1] subsections (1)(A) and (B).

1. A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

(A) voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return; or

(B) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; or

(C) voluntarily left the child alone or in the possession of another not the parent and, although expressing an intent to return, failed to do so without providing adequate support of the child and remained away for a period of at least six months; or

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; or

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; or

(G) abandoned the child without identifying the child or furnishing means of identification, and the child's identity cannot be ascertained by the exercise of reasonable diligence; or

(H) voluntarily, and with knowledge of the pregnancy, abandoned the mother of the child beginning at a time during her pregnancy with the child and continuing through the birth, failed to provide adequate support or medical care for the mother during the period of abandonment before the birth of the child,

The cause must, therefore, be reversed. The findings in the instant case, however, could arguably support termination under other subsections of Tex.Fam. Code Ann. § 15.02. We, therefore, remand the cause in the interest of justice. *United States Fire Insurance Company v. Carter*, 473 S.W.2d 3 (Tex.1971). That portion of the judgment that terminates the parental rights of the mother and names Brenda Steinman as managing conservator of the child. S.D.H., is affirmed. In all other matters, the judgment is reversed and the cause remanded.

and remained apart from the child or failed to support the child since the birth; or
(I) contumaciously refused to submit to a reasonable and lawful order of a court under Section 34.05 of this code; or
(J) been the major cause of:
(i) the failure of the child to be enrolled in school as required by the Texas Education Code; or
(ii) the child's absence from his home without the consent of his parents or guardian for a substantial length of time or without the intent to return; or
(K) executed before or after the suit is filed an unrevoked cr irrevocable affidavit of relinquishment of parental rights as provided by Section 15.03 of this code; and in addition, the court further finds that
(2) termination is in the best interest of the child.