Mark Sonny NAJAR, Appellant,

v.

David Lynn OMAN, et ux., Appellees.

No. 13365.

Court of Appeals of Texas,
Austin.

Nov. 12, 1981.

Rehearing Denied Dec. 2, 1981.

Curtis C. Mason, Staff Counsel for Inmates, Huntsville, for appellant.

Norman Manning, Taylor, for appellees.

PHILLIPS, Chief Justice.

This is a case of termination of the rights of a biological father. Appellant, Mark Sonny Najar, was at time of trial, serving a fifty-year sentence in the Texas Department of Corrections. He is the undisputed biological father of a twelve-year-old boy. The child was illegitimate as to appellant. The boy's natural mother and her husband, appellees in this Court, brought this action in the district court to terminate any parental rights appellant might have had. The natural mother's husband also petitioned to adopt the boy. Appellant was served in the penitentiary and requested a bench warrant from the trial court to permit him to appear personally at the trial. That request was denied.

The trial court rendered judgment granting both the termination and the adoption, and it is from this judgment that appellant perfected his appeal to this Court. We affirm the judgment of the trial court.

■ Appellant's first three points of error complain that the requirements of Texas Family Code § 15.02 were not followed. The statute, in pertinent part, provides:

"§ 15.02 Involuntary Termination of Parental Rights

A petition requesting termination of the parent-child relationship with respect to a *parent* who is not the petitioner may be granted if the court finds that:

(1) the parent has: . . .

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition . . .

(H) voluntarily, and with knowledge of the pregnancy, abandoned the mother of the child beginning at a time during her pregnancy with the child and continuing through the birth, failed to provide adequate support or medical care for the mother during the period of abandonment before the birth of the child, and remained apart from the child or failed to support the child since birth; . . .

(K) . . . *and* in addition, the court further finds that

(2) termination is in the best interest of the child."

Tex.Fam.Code Ann. § 15.02 (Supp.1980–81) (emphasis added).

The trial court found that appellant: (1) did not support the child's mother during her pregnancy; (2) failed to provide adequate support or medical care for the mother before and after the child's birth; (3) failed to support the child since birth; and (4) has remained apart from the child since birth. The trial record amply supports these findings. Counsel for appellant concedes that for several years before his incarceration, appellant made no attempt to see or to support the boy in any way. The record reveals the only contribution to the boy's upbringing made by appellant were several gifts of clothing and a few weekend outings.

■ Appellant contends in his points of error that subsection (H) cannot be applied to him because it did not become law until 1975, six years after the natural mother's pregnancy. He maintains that this is an *ex post facto* application of the statute. He also contends the other elements of subsection (H), failure to support and remaining apart, were not properly pleaded and were not proved by clear and convincing evidence.

We must reject these points because under this record appellant has not shown himself to be a *parent* for purposes of § 15.02. The term "parent" is defined in the Family Code as follows: " 'Parent'

means the mother, a man as to whom the child is legitimate, or an adoptive mother or father...." Tex.Fam.Code Ann. § 11.01(3) (1975). As biological father only, appellant does not come within that definition. *In the Interest of K,* 535 S.W.2d 168 (Tex. 1976), *cert. denied,* 429 U.S. 907, 97 S.Ct. 273, 50 L.Ed.2d 189 (1976); *Rogers v. Lowry,* 546 S.W.2d 881 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

The Court in *In the Interest of K, supra,* expressly holds that biological fatherhood, without more, does not make one a parent for purposes of § 15.02. Satisfaction of a § 15.02 subsection is required before a *parent's* rights may be terminated, but only *parents* as defined in the Family Code are entitled to that protection.

The legislature did not "define away" any rights appellant possessed when it adopted this specific definition of "parent" in 1973. Under the law of this state prior to 1973, a biological father, had by virtue of blood alone, no rights in his illegitimate child. *Home of Holy Infancy v. Kaska,* 397 S.W.2d 208, 210 (Tex.1965).

Appellant's claim that *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), establishes a constitutional rule compelling this state to afford him section 15.02 protections was expressly rejected by our Supreme Court in *In the Interest of K, supra,* 535 S.W.2d at 170. *Stanley* requires a biological father be provided notice and a forum in which to prove his fitness as a parent, nothing more. 405 U.S. at 657, 92 S.Ct. at 1215. Section 11.09 of the Family Code entitles an alleged father to notice of any suit affecting the parent/child relationship. Appellant was afforded both notice and an opportunity to prove his fitness in this case.

Section 13.21 of the Family Code allows biological fathers to come forward at any time and voluntarily legitimate their children. Section 13.21(d) expressly allows voluntary legitimation actions to be joined with section 15.02 termination suits. The controlling case in this area, *In the Interest of K, supra,* so held. 535 S.W.2d at 169.

Though section 13.21 requires some documentation and procedural steps, substantively a biological father must only show the best interest of the child would be served by granting legitimation. Appellant could have petitioned for voluntary legitimation in answer to the petition served on him. He was afforded notice and an opportunity to offer proof as to what would be "in the best interest of the child." Given that opportunity, in the hearing below, appellant offered no evidence of tending to establish his fitness as a parent. The trial court concluded that the "best interest of the child" would be best served by terminating any rights he might have had. Appellant can scarcely complain of the procedure the trial court followed in coming to that conclusion.

■ Appellant's final contention is that he enjoyed a constitutional right to appear personally and testify at the trial. Specifically, he assigns error to the trial court's refusal to grant a bench warrant allowing appellant to be present at trial.

Appellant was represented by counsel at trial. Counsel cross-examined appellees' witnesses and was given the opportunity to present evidence. Though there is no case directly on point in Texas, other jurisdictions have faced and decided this question. Recently, the North Dakota Supreme Court denied a prisoner's request to personally appear in a termination of parental rights case. "From our review of cases from various jurisdictions and the principles of law involved, we are compelled to conclude that a convict does not have a constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel and by deposition, if appropriate." *In the Interest of F. H.,* 283 N.W.2d 202 (N.D.1979); *accord, Matter of HGB,* 306 N.W.2d 821 (Minn.1981); see also, *State ex rel. Gladden v. Sloper,* 209 Or. 346, 306 P.2d 418 (1957).

We hold that the trial court did not abuse its discretion in denying the bench warrant. Moreover, the record reveals no effort by appellant to testify by deposition, which could have been accomplished under Tex.R.

Civ.P. 213. Finding no error, we affirm the judgment of the trial court.