**In the Interest of S.K.S., A Child.**

**No. 04–81–00318–CV.**

Court of Appeals of Texas,
San Antonio.

March 9, 1983.

Rehearing Denied April 4, 1983.

Michael James Krueger, Kingsville, for appellant.

B.J. Shepherd, Alice, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal from a suit terminating the parental rights of appellant.

A chronology of the events will be helpful. On October 18, 1979, the mother of S.K.S. was murdered. On October 21, 1979, appellant, the father of S.K.S., voluntarily delivered the child to her maternal grandparents, the appellees herein. At the time S.K.S. was 17 months old. On October 31, 1979, the appellees obtained a temporary restraining order prohibiting the appellant from interfering with appellee's possession of S.K.S. and appointing the appellees managing conservator. On November 30, 1979, appellant was indicted for the murder of S.K.S.'s mother. On March 30, 1981, the trial of the appellant for the murder of his wife commenced, and on April 9, 1981, he received a conviction and a jury verdict of 99 years' imprisonment. On April 21, 1981, the petition was filed for the termination which is the subject matter of this appeal. On May 31, 1981, appellant was sentenced to the Texas Department of Correction for 99 years. On July 6 and 10, 1981, trial was held before the judge of the 229th District Court of Duval County on the petition for termination. The trial judge entered an order terminating the parental rights of the appellant, approving the adoption of S.K.S. by the appellees, and finding that 1) the appellant engaged in conduct that endangered the physical and emotional well-being of the child, 2) the appellant failed to support the child in accordance with his ability during a period of one year, ending within six months of the date of filing the petition to terminate, and 3) it was in the best interest of the child that the parental rights of appellant be terminated.

Appellant alleges alternatively, in points of error one through four, that there is no evidence or insufficient evidence to support the findings that he engaged in conduct which endangered the well-being of the child and that he failed to support the child in accordance with his ability during the requisite period of time. He additionally contends in points of error five and six that the trial court erred in refusing to issue a bench warrant to return him from the State penitentiary so he could participate in the termination proceedings and in failing to hold the cause in abeyance until the court

of appeals had ruled upon his appeal in his criminal conviction.

Tex.Fam.Code Ann. § 15.02 (Vernon Supp.1982) is quoted in pertinent part.

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

    \*    \*    \*    \*    \*    \*

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; or

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; or

    \*    \*    \*    \*    \*    \*

and in addition, the court further finds that

(2) termination is in the best interest of the child.

Involuntary termination of parental rights necessitates that petitioner establish one or more of the acts or omissions listed under subdivision (1) of the section and additionally prove under subdivision (2) that the termination is in the best interest of the child. Both elements must be established, and the requirements of subdivision (1) are not excused because the court may be of the opinion that subdivision (2) has been proved. *Wiley v. Spratlan,* 543 S.W.2d 349, 351 (Tex.1976). The only evidence offered to establish that the appellant had engaged in conduct under subdivision (E) which endangered the physical or emotional well-being of his child was a certified copy of the judgment and sentencing in his murder conviction. Though imprisonment alone would not be sufficient to warrant termination of parental rights, *H.W.J., Sr. v. State Department of Public Welfare,* 543 S.W.2d 9, 11 (Tex.Civ.App.—Texarkana 1976, no writ), surely a final conviction for the murder of the mother of the child would constitute the conduct described in

sub-paragraph (E) of section 15.02, Tex. Fam.Code. It is not necessary that the conduct be directed at the child or that the child actually suffer injury. *Allred v. Harris County Child Welfare Unit,* 615 S.W.2d 803, 806 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). It is undisputed that the appellant's conviction is presently on appeal. Since the appellant's conviction is not a final conviction, and in view of our decision on the other points of error, we will not reach appellant's points of error one and two pertaining to subparagraph (E) of section 15.02 of the Family Code.

We believe that the record adequately supports the finding of the trial judge that the appellant failed to support his child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition. It is undisputed that the appellant never made any payment for his child's support following his voluntary surrendering of possession of the child to the appellee grandparents. The proof must also establish that there was a continuous twelve-month period during which the appellant had ability to support his child. *Wiley, supra; Cawley v. Allums,* 518 S.W.2d 790, 792 (Tex.1975). There are two reasons to affirm the trial court's finding that the appellant did not provide the necessary support during the requisite period. First, we agree with the court of appeals in *McGowen v. State,* 558 S.W.2d 561 (Tex.Civ.App.— Houston [14th Dist.] 1977, writ ref'd n.r.e.), which distinguished *Cawley* and *Wiley* from cases where no payment at all has been made. Inability to provide support during some months would not interrupt the running of the one-year period if no effort is made to pay support during other months in which there is clear ability to pay. *McGowen, supra* at 565. Secondly, the requisite period in the present case may be construed to have begun after a two month period of unemployment. Even given these two months there would still be more than twelve months when appellant contributed nothing, but did have a series of jobs providing him with the financial ability.

Appellant was employed at the time of his wife's death, making a salary of $750.00 a month plus shelter, utilities, and group insurance provided by his employer. He resigned from that position on November 12, 1979, and was unemployed for two months. During this period of time his father helped him to meet expenses. He had a debt of only $151.35 for car payments and attorney's fees. He had a job in Beaumont, followed by a job with a uranium company where he made $6.50 an hour for a 50-hour work week. He still had this job when he remarried in October of 1980. He and his new wife lived with his parents, and then the couple rented a home. In January of 1980 he was still working for the uranium company and had no debts. His resignation from the position in November of 1979 and subsequent unemployment for two months was not conclusive evidence of his inability to pay any support during that period. The trial court did not specify in its order the particular twelve months during which it found that the appellant failed to support his child appropriately. No findings of fact were requested or filed. If the twelve-month period is deemed to have commenced after the appellant's period of unemployment, there are still some fifteen months during which he apparently had sufficient ability to support his child. *Coffey v. Lechler,* 523 S.W.2d 762, 765 (Tex.Civ. App.—Fort Worth 1975, writ ref'd n.r.e.).

Appellant further contends that even if he did not support his child commensurate with his ability, under the facts and circumstances in this case the nonsupport should be excused. He cites *Heard v. Bauman,* 443 S.W.2d 715 (Tex.1969) and *Al Khafaji v. Meitzen,* 429 S.W.2d 174 (Tex.Civ.App.— Austin 1968, writ dism'd). These cases are authority for the principal that where there is no order of support and the parent believes that payments would not be accepted if they were tendered, the payments can be excused. In our case, there was no order of support. With respect to refusal to accept payments the only testimony in the record is from the appellee, "I might have taken some money, I don't know what I would have done, but he never did send some so I

don't know." Further, the Supreme Court in *Holley v. Adams,* 544 S.W.2d 367 (Tex. 1976) precluded the consideration of an excuse from the applicability of sub-paragraph (F) pertaining to failure to support and held that it could only apply to sub-division (2) of section 15.02. "The interpretation of section 15.02 which will best fulfill the intent of the Legislature is that any 'excuse' for the acts or omissions of the parent can be considered by the trial court only as one of the factors in determining the best interest of the child." *Id.* at 371.

In our case the appellant does not challenge the finding of the trial court under 15.02(2) having to do with termination in the best interest of the child. Therefore, the contention as to an excuse for failure to make appropriate support payments is inapplicable. There being adequate factual basis in the record to sustain the findings of failure to support under 15.02(F), appellant's third and fourth points of error are overruled. *In re King's Estate,* 244 S.W.2d 660 (Tex.1951).

■ Appellant's fifth point of error, complaining of the trial court's refusal to issue a bench warrant to bring him back for the termination trial, is answered in the case of *Najar v. Oman,* 624 S.W.2d 385 (Tex.App.— Austin 1981, writ ref'd n.r.e.) which is directly on point. The court in that case observed that there was no previous Texas authority but concluded that a convict does not have a constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel and by deposition. *Id.* at 387. The appellant in the present case was represented by counsel and had been given the opportunity to appear by deposition but did not avail himself thereof. Appellant's fifth point of error is overruled.

■ Appellant's final point of error is based on the refusal of the trial court to hold the cause in abeyance until the court of appeals had ruled upon the appeal of his criminal conviction. Since appellant's criminal conviction has not been considered by this court in the determination of the case at bar, no error is shown.

The judgment of the trial court is hereby affirmed.