In the Interest of C.L., a Child.

In the Interest of M.C.G., a Child.

Nos. 14–09–00643–CV, 14–09–00644–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 16, 2010.

William M. Thursland, Houston, for appellant.

Sandra D. Hachem, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and BOYCE.

## OPINION

LESLIE B. YATES, Justice.

Appellant Lonzell Gholston appeals from the trial court's order terminating his parental rights to his daughter, M.C.G., and removing his status as possessory conservator of M.C.G.'s half-sister, C.L. We affirm.

## BACKGROUND

M.C.G. and C.L. lived with their mother until March 2006, when appellee Department of Family and Protective Services ("DFPS") removed them from her home. At the time, M.C.G. was three years old, and C.L. was fourteen months old. Their mother often left them home alone for extended periods of time, and when DFPS arrived to investigate, they found the children alone and C.L. sick and wearing only a diaper. Appellant and the mother were not living together at this time, and C.L.'s father is unknown. The children were removed and placed in foster care. DFPS was appointed as the sole managing conservator of both children, the mother was given no possessory rights, and appellant was appointed a possessory conservator with rights to visit the children at mutually agreeable times.

Appellant visited the girls frequently and maintained his relationship with them until September 2, 2008, when the trial court entered an order suspending his visitation rights. The order was entered after the girls returned from a visit with appellant and reported to their foster parents that they had gone to a birthday party and seen their mother, who was prohibited from any contact with the children, and seen a cousin that M.C.G. reported had sexually abused her (although there is no evidence that she reported the abuse before she saw him at the party). Further, C.L. had been hospitalized with an asthma attack after appellant smoked during a visit. Appellant did not appeal from this order suspending his visitations rights and has never taken any action to have his visitation rights reinstated.

Two days after the order suspending visitation, DFPS filed a motion to modify conservatorship and to terminate the parent-child relationship. DFPS sought, among other things, to remove appellant as possessory conservator of C.L. and to terminate his parental rights as to M.C.G. After a hearing, the court granted the motion and also terminated the parental rights of the children's mother and the unknown father of C.L. Appellant brings this appeal; appellant is the only party challenging the trial court's order.

## ANALYSIS

### A. Parental Rights to M.C.G.

The termination of parental rights is a serious matter that implicates fundamental constitutional rights. *In re S.N.,* 287 S.W.3d 183, 186 (Tex.App.-Houston [14th Dist.] 2009, no pet.). To terminate parental rights, the trial court must find, by clear and convincing evidence, that the parent has committed one of the acts prohibited under Family Code section 161.001(1) and that termination of parental rights is in the child's best interest. TEX. FAM.CODE ANN. § 161.001(1), (2) (Vernon Supp. 2009); *In re A.V.,* 113 S.W.3d 355, 362 (Tex.2003).

The trial court terminated appellant's parental rights after finding that he committed three of the acts listed in section 161.001 and that termination would be M.C.G.'s best interest. Appellant then, pursuant to Family Code section 263.405, submitted to the trial court a statement of the points on which he intended to appeal.

*See* TEX. FAM.CODE ANN. § 263.405(b)(2) (Vernon 2008). Appellant's appellate points stated that the evidence is insufficient to support the three actions found pursuant to subsections of section 161.001(1) but did not mention the court's finding that termination is in M.C.G.'s best interest. The trial court then determined that appellant's intended appeal did not present a substantial question for appellate review and was therefore frivolous. *See* TEX. FAM.CODE ANN. § 263.405(d)(3) (Vernon 2008) (directing trial court to determine whether appellate points are frivolous as provided by Civil Practice and Remedies Code section 13.003(b)); TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(b) (Vernon 2002) (stating that frivolousness can be determined by considering whether the appellant has presented a substantial question for appellate review?).

▇▇ If a trial court makes a frivolousness finding, the parent's appeal is initially limited to the frivolousness issue. *See In re J.J.C.*, 302 S.W.3d 436, 442 (Tex.App.-Houston [14th Dist.] 2009, pet. denied); *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex.App.-Houston [1st Dist.] 2008, no pet.). We can review appellant's substantive issues only if we determine the trial court abused its discretion in determining appellant's appeal was frivolous. *See In re J.J.C.*, 302 S.W.3d at 442; *Lumpkin*, 260 S.W.3d at 526. An appeal is frivolous if it lacks an arguable basis in either fact or law. *See In re J.J.C.*, 302 S.W.3d at 444; *Lumpkin*, 260 S.W.3d at 527.

▇▇ In his appeal regarding M.C.G., appellant argues that the trial court erred in finding each of his appellate points frivolous. In his first issue regarding M.C.G., appellant argues that the trial court abused its discretion in finding frivolous his appellate point that the evidence is insufficient to support the termination of his parental rights under Family Code section 161.001(1)(F). Section 161.001(1)(F) provides for involuntary termination of parental rights if the court finds by clear and convincing evidence that the parent has "failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition." This one-year period must be twelve consecutive months. *See In re E.M.E.*, 234 S.W.3d 71, 72 (Tex.App.-El Paso 2007, no pet.); *In re T.B.D.*, 223 S.W.3d 515, 518 (Tex.App.-Amarillo 2006, no pet.). DFPS filed its motion to terminate on September 4, 2009, and thus the relevant time period is any twelve consecutive months between March 4, 2007 and September 4, 2009. *See In re E.M.E.*, 234 S.W.3d at 72.

▇▇ The undisputed evidence in the record shows that in the twelve-month period between March 4, 2007 and March 4, 2008, appellant gave no money whatsoever in support of M.C.G. while earning income of at least $10,000 in 2007 and $3,500 in the first two months of 2008. Appellant had the ability to provide at least some support during these twelve months, but he provided none. Appellant argues that DFPS must present evidence of his ability to pay during each month of the twelve-month period. *See id.; In re T.B.D.*, 223 S.W.3d at 518. The evidence in the record regarding appellant's income is not broken down on a monthly basis for the entire time period. However, even if appellant was unable to provide support during some of those months, that will not interrupt the running of the one-year period if he made no effort to pay during other months in which there is a clear ability to pay.[1] *See McGowen v. State*, 558 S.W.2d 561, 565

---

1. Appellant argues that he could not provide support because he became disabled, but that did not occur until April 2008 and thus has no bearing on his ability to provide support between March 2007 and March 2008.

(Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.); *see also In re C.M.C.,* No. 11–02–00270–CV, 2003 WL 760678, at *2 (Tex.App.-Eastland Mar. 6, 2003, no pet.) (mem. op.) (following *McGowen); In re S.K.S.,* 648 S.W.2d 402, 404 (Tex.App.-San Antonio 1983, no writ) (same). It is undisputed that appellant had at least $13,500 in income in the relevant time frame but provided no support at all. This is sufficient to support a finding by clear and convincing evidence of a violation of section 161.001(1)(F).[2] *See In re R.N.G.,* No. 11–02–00084–CV, 2002 WL 32344622, at *3 (Tex.App.-Eastland Dec. 12, 2002, no pet.) (not designated for publication) (finding parent did not provide support in accordance with ability because she provided no support at all even though she had some money available); *In re S.K.S.,* 648 S.W.2d at 404–05 (same).

■■■■ Appellant asserts that the ad litem told him at some point not to pay support but instead to use that money to buy furniture for his apartment. However, appellant does not explain when he was told this, how much money he used to buy furniture, and when he bought the furniture. Furthermore, any excuse for failing to provide support, such as using the money for another purpose, is irrelevant in assessing a violation under section 161.001(1)(F). *See Holley v. Adams,* 544 S.W.2d 367, 371 (Tex.1976) (concluding that legislative purpose is best served by interpreting Family Code to mean that an excuse for act or omission of parent, including failure to support according to ability, "can be considered by the trial court *only* as one of the factors in determining the best interest of the child" (emphasis added)); *In re S.K.S.,* 648 S.W.2d at 405. Excuse is pertinent only in the best interest assessment, and because appellant does not challenge on appeal the trial court's finding that terminating his parental rights is in M.C.G.'s best interest, we cannot consider any excuse he may have for failing to provide any support.[3] *See In re S.K.S.,* 648 S.W.2d at 405 (holding that because appellant did not challenge the best interest finding, the contention as "to an excuse for failure to make appropriate support payments is inapplicable"); *see also Holley,* 544 S.W.2d at 371.

The trial court could have properly concluded that appellant's sufficiency challenge as to the termination of his parental rights lacked a substantial basis in law or fact. Thus, the trial court did not err in finding appellant's appellant point regarding section 161.001(1)(F) frivolous. Ac-

---

2. DFPS argues that the trial court's March 2008 order for appellant to pay child support, from which appellant did not appeal, constitutes an implicit finding that he had the ability to pay as a matter of law. DFPS relies on *In re J.M.M.,* 80 S.W.3d 232, 250–51 (Tex.App.-Fort Worth 2002, pet. denied), which relied on the Corpus Christi Court of Appeals ruling in *In re R.R.F.,* 846 S.W.2d 65 (Tex.App.-Corpus Christi 1992, writ denied). We note that the *In re R.R.F.* decision has been severely criticized, and the Corpus Christi Court of Appeals has since overruled that decision. *See In re D.S.P.,* 210 S.W.3d 776, 780–81 (Tex.App.-Corpus Christi 2006, no pet.) (overruling *R.R.F.); see also In re E.M.E.,* 234 S.W.3d at 73–74 (noting that *In re R.R.F.* has been overruled and following the rule in *In re D.S.P.*).

3. Appellant repeatedly notes that he was not ordered to pay child support during all of the relevant time frame. However, a parent has a duty to support his child, regardless of a court order. *See* Tex. Fam.Code Ann § 151.001(a)(3) (Vernon 2008); *Ex parte Hall,* 854 S.W.2d 656, 658 (Tex.1993). Further, the trial court specifically stated in its September 2007 modification order although it was not making a specific support order at that time, appellant is "still responsible for the support of the child." Finally, any excuse for failure to support, even the lack of an order, is a factor to be considered only in the best interest analysis. *See S.K.S.,* 648 S.W.2d at 405; *see also Holley,* 544 S.W.2d at 368, 371.

cordingly, we overrule appellant's first issue relating to M.C.G.[4]

## B. Possessory Rights to C.L.

 In his two issues relating to C.L., appellant challenges the sufficiency of the evidence to support the trial court's order removing his status as C.L.'s possessory conservator. Under Family Code section 156.101(a)(1)(A), the trial court can modify an order establishing conservatorship upon a showing that "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the rendition of the prior order and that the modification would be in the child's best interest. Tex. Fam.Code Ann. § 156.101(a)(1)(A) (Vernon Supp. 2009). We review a trial court's conservatorship status decisions for an abuse of discretion. *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex.App.-Houston [14th Dist.] 2009, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably. *Id.; Bates v. Tesar*, 81 S.W.3d 411, 424 (Tex.App.-El Paso 2002, no pet.). There is no abuse of discretion if some evidence of a substantive and probative character supports the trial court's decision, even if the evidence conflicts. *See In re A.L.E.*, 279 S.W.3d at 428; *Agraz v. Carnley*, 143 S.W.3d 547, 554 (Tex.App.-Dallas 2004, no pet.). In an abuse of discretion review, the sufficiency of the evidence is not and independent ground of error but is a factor to be considered in evaluating the trial court's exercise of its discretion. *In re A.L.E.*, 279 S.W.3d at 427.

 In his first issue regarding C.L., appellant argues that the evidence is insufficient to show a material and substantial change in circumstances. In determining whether a material and substantial change has occurred, the trial court is not confined to rigid or definite guidelines. *Id.* at 428. The court is looking for evidence of a change since the prior order, but the law does not require any particular method for proving change of circumstances. *See id.* at 429. A material and substantial change can be established by circumstantial evidence, such as if the record shows that the trial court relied on facts or events occurring after the date of the prior order. *See id.* The prior order establishing appellant's conservatorship status was entered on September 11, 2007. The hearing on DFPS's motion to modify appellant's conservatorship status was held on June 16, 2009. Therefore, we assess the record for evidence regarding a material and substantial change in circumstances between September 11, 2007 and June 16, 2009. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex.App.-Dallas 2009, no pet.); *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex.App.-Austin 2006, pet. denied).

 The evidence shows several changes during this period. Appellant's visitation rights had been revoked on September 2, 2008, two days before DFPS filed the motion to modify, from which appellant did not appeal. Thereafter, appellant had not seen and had hardly spoken to C.L. for over nine months. During the time appellant was allowed visitation, there is evidence that he allowed C.L.'s mother some access to her, which was forbidden by court order.[5] Further, appel-

---

4. We need not address appellant's second and third issues, in which he challenges the trial court's frivolousness finding as to his arguments that two other bases for terminating his parental rights were not supported by sufficient evidence. *See In re A.V.*, 113 S.W.3d at 362; *see also* Tex. Fam.Code Ann. § 161.001(1).

5. Appellant denies that C.L.'s mother had access to him during their visitations, but the trial court could have disbelieved appellant, and we defer to the trial court's resolution of underlying facts. *See In re A.L.E.*, 279 S.W.3d at 427.

lant smoked cigarettes while C.L. visited, even though C.L. has asthma, and after a visit, C.L. was hospitalized with a severe asthma attack. Finally, C.L. was moved to a foster home with her sister, and the foster parents are providing a safe environment and are meeting C.L.'s needs. The children have bonded with their foster family, calling the foster mother "mamma," and the foster family is willing to adopt them. Based on evidence of appellant's inappropriate conduct during the visits, his unchallenged loss of visitation rights, his lack of communication with C.L., and C.L.'s bonding with a foster family who wants to adopt her and her sister, the trial court did not abuse its discretion in determining that there had been a material and substantial change in circumstances since the prior order. We overrule appellant's first issue regarding C.L.

■■ In his second issue regarding C.L., appellant alleges that the evidence is insufficient to support a finding that removing him as possessory conservator is in C.L.'s best interest. The Family Code does not set forth any factors to be considered in determining whether a change in conservatorship status is in a child's best interest. *Bates,* 81 S.W.3d at 433–34. In the termination of parental rights context, courts typically consider the non-exhaustive list of *Holley* factors, which are the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the persons seeking custody, the programs available to assist these individuals seeking custody, the plans for the children by the individual seeking custody, the stability of the home, the acts or omissions of the parent that may indicate that the existing parent-child relationship is inappropriate, and any excuse for the acts or omissions of the parent. *See Holley,* 544 S.W.2d at 371–72.

We can consider those factors as appropriate in this context, but other factors are also important in the conservatorship modification context, such as the child's need for stability. *See In re V.L.K.,* 24 S.W.3d 338, 343 (Tex.2000); *Bates,* 81 S.W.3d at 433–34. Further, unlike in the termination context, the parental presumption does not apply in a modification suit and would not apply in this case in any event because appellant is not C.L.'s father. *See In re V.L.K.,* 24 S.W.3d at 339–40.

■ Appellant asserts that the evidence shows that removing his conservatorship status is not in C.L.'s best interest. According to appellant, his visitation was going well until he lost his visitation rights. He had stopped smoking and had taken parenting classes. He had been making preparations for the girls to live with him, including getting a new apartment and furniture. Though he was unable to fully support the girls at the time of the hearing, appellant testified that the Veterans' Administration would provide him additional resources if he got custody of the girls. However, appellant's analysis ignores other important considerations. Appellant lost his visitation rights after C.L. had a severe asthma attack when he smoked while she visited and after he violated a court order by allowing C.L.'s mother access to her. All that remained of appellant's possessory conservatorship rights were limited rights to such things as inquiring about C.L.'s well being and accessing her medical records, but appellant never exercised any of these rights. Appellant had essentially no contact with C.L. for about nine months, and meanwhile, she had bonded with her foster family who was meeting all her needs and wanted to adopt C.L. and her sister. Given appellant's lack of involvement in C.L.'s life, removing appellant's possessory conservatorship status actually preserves the

child's current environment and clears the way for full adoption and parental rights by the foster family, thereby promoting C.L.'s need for stability. We conclude that the evidence is sufficient to support a conclusion that removing appellant's possessory conservator status is in C.L.'s best interest. Therefore, the trial court did not abuse its discretion in so finding, and we overrule appellant's second issue as to C.L.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in finding frivolous appellant's appellate point that the evidence is insufficient to show he failed to provide appropriate support within his ability to M.C.G. The trial court also did not abuse its discretion in finding that there had been a material and substantial change of circumstances and that removing his status as possessory conservator would be in C.L.'s best interest. We affirm the trial court's order terminating appellant's parental rights to M.C.G. and removing his status as possessory conservator of C.L.