**CONCUR and Opinion Filed June 17, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00652-CV

## IN THE INTEREST OF D.P.G., A CHILD

**On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court Cause No. 87836**

## CONCURRING OPINION
Opinion by Justice Schenck

I concur in the Court's opinion and write separately because, in addition to failing to establish it made reasonable efforts to return D.P.G. to Father, the Department failed to establish Father had demonstrated an inability to provide D.P.G. with a safe environment. Accordingly, I believe the December 9, 2020 panel opinion correctly decided Father's appeal and withdrawal of same is not necessary, but I understand and appreciate that it is now the will of the majority to do so.

As an initial matter, I note that D.P.G. came into the Department's care due to Mother's actions, not Father's, and there was no evidence Father was aware of Mother's drug use during her pregnancy. In addition, I note that Father questioned his paternity, and paternity was his focal point until it was confirmed at the

permanency hearing, which took place five months after D.P.G. was born and only approximately three months prior to trial. Father was incarcerated at that time and had been so during most of the case.

**Failure to Complete Services**

In responding to Father's assertion that the Department failed to establish an inability to provide D.P.G. with a safe environment, the Department references Father's failure to cooperate with counseling or other services. While the Department prepared a service plan for Mother early in the case, it did not do so for Father. Father was not ordered to complete services until January 2020, while he was incarcerated, and the Department failed to establish it was possible for Father to participate in and complete the required services while he was incarcerated or at any time between confirmation of his parental relation and the trial. Indeed, the record is unclear as to when Father may have been released from jail, if at all. Because Father was not the reason for the removal of D.P.G., and given the uncertainty of Father's biological relation to D.P.G. and the circumstances surrounding the court's order that he complete services, the timing of that order, and the effect imprisonment may have had on Father's ability to work on completing the services, I believe Father's alleged failure to participate in and complete court-ordered services does not support a finding he was unable to provide D.P.G. with a safe environment at the time of trial.

**Incarceration**

In addition, the Department referenced Father's incarceration as a factor to be considered in determining whether he demonstrated an inability to provide D.P.G. with a safe environment. It has long been settled that imprisonment, standing alone, does not constitute abandonment of a child for purposes of termination of parental rights and is not conduct endangering a child. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re D.T.*, 34 S.W.3d 625, 633 (Tex. App.—Fort Worth 2000, pet. denied); *In re S.D.H.*, 591 S.W.2d 637, 638 (Tex. App.—Eastland 1979, no writ).

**Statements Regarding Ability to Provide a Safe Environment**

The Department also relies on testimony of the caseworker and CASA volunteer, but their unsupported statements as to Father's inability to provide D.P.G. with a safe environment are not clear and convincing evidence of same. *See In re J.L.G.*, No. 06-16-00087-CV, 2017 WL 1290895, at *10 (Tex. App.—Texarkana Apr. 6, 2017, no pet.) (mem. op.) (holding evidence insufficient for constructive abandonment when there was no evidence, other than conclusory opinions, regarding father's financial resources, employment history, home environment, parenting skills, or ability or inability to care for the child); *see also Earvin v. Dep't of Family & Protective Servs.*, 229 S.W.3d 345, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

**Conclusion**

For the foregoing reasons, I believe that the evidence is legally insufficient to support the trial court's finding concerning Father's ability to provide D.P.G. with a safe environment. Accordingly, I concur in the Court's decision to reverse the trial court's judgment as to Father, and join the majority in its determination as to jurisdiction over Mother's appeal and in affirming the termination of Mother's parental rights.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200652CF.P05