A. B. McGOWEN et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 1668.

Court of Civil Appeals of Texas, 14th Dist.

Nov. 16, 1977.

Rehearing Denied Dec. 7, 1977.

James C. Henry, III, Burke & Henry, Houston, for appellants.

Carol S. Vance, Dist. Atty., Elizabeth Bridges, Assistant Dist. Atty., Vincent J. Rizzo, Jr., Paul D. Filer, Jr., Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order terminating a parent-child relationship.

Arthur B. McGowen (Mr. McGowen) and Margaret McGowen (Mrs. McGowen), appellants herein, were married on August 8, 1969. Of their three children, Arthur McGowen and Ardra McGowen were born on February 2, 1973, and Michelle McGowen was born on September 28, 1971.

On January 2, 1974, the appellants, the State of Texas, the Harris County Child Welfare Department (HCCW), and the attorney ad litem for the three McGowen children stipulated to an agreed order of the Juvenile Court of Harris County, Texas. Under the terms of that order, the three McGowen children were temporarily placed in the custody of HCCW; the parents were ordered to pay $150.00 per month to HCCW as child support for the three minor children, were given visitation rights pursuant to rules and regulations set forth by HCCW, and were ordered to submit to psychological testing, evaluation and/or counseling. In accordance with the order, two of the McGowen children, Arthur and Michelle, were placed in foster homes. The third, Ardra, was hospitalized in a nursing facility for profoundly brain-damaged children. On February 21, 1974, the Juvenile Court of Harris County, Texas declared the three McGowen children to be dependent and neglected children and ordered them placed in the custody of HCCW.

HCCW instituted proceedings to terminate the parent-child relationship between the appellants and their children on November 10, 1975. The parties proceeded to trial on December 14, 1976, under HCCW's Amended Petition filed the previous day. At the conclusion of the trial, special issues were submitted to the jury and answered as follows:

### SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that A. B. McGowen, the respondent, failed to support his minor children, Michelle McGowen, Ardra McGowen and Arthur McGowen in accordance with his ability during a period of one year, which ended within six months of the date of the filing of the petition?

ANSWER: We Do

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Margaret McGowen, the respondent, failed to support her minor children, Michelle McGowen, Ardra McGowen and Arthur McGowen, in accordance with her ability during a period of one year, which ended within six months of the date of the filing of the petition?

ANSWER: We Do

### SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that termination of the parent-child relationship between the respondent, A. B. McGowen, and the minor children, Michelle McGowen, Ardra McGowen and Arthur McGowen, would be in the best interest of the minor children?

ANSWER: We Do

### SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that termination of the parent-child relationship between the respondent, Margaret McGowen, and the minor children, Michelle McGowen, Ardra McGowen and Arthur McGowen, would be in the best interest of the minor children?

ANSWER: We Do

In a judgment entered on the verdict on January 17, 1977, the juvenile court ordered the parent-child relationship between the appellants and their three children terminated and appointed HCCW managing conservator of the children, from which judgment Mr. and Mrs. McGowen appeal.

We recognize, initially, that the natural right that exists between parents and their children is one of constitutional dimensions. *Wiley v. Spratlan*, 543 S.W.2d 349 (Tex.Sup.1976). We have carefully scrutinized the termination proceedings in the court below, keeping in mind the strong presumption that the best interest of a child is usually served by keeping custody in the natural parents. *Id.* Despite these considerations, we are compelled to affirm the judgment of the trial court.

The appellants assert by their first and second points of error that there was no evidence to support the jury's answers to the special issues or, in the alternative, that there was insufficient evidence to support the jury's answers. In considering the appellants' no evidence point, we must review the evidence in the light most favorable to the verdict, considering only the evidence and inferences which support the findings and rejecting the evidence and inferences contrary to the findings. *Rourke v. Garza*, 530 S.W.2d 794 (Tex.Sup.1975). In considering the appellants' insufficient evidence point, we must review all of the evidence, and we may set the verdict aside only if it is so contrary to the overwhelming weight of all the evidence as to be clearly wrong or manifestly unjust. *Cramer v. White*, 546 S.W.2d 918 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.).

We believe that there was ample credible evidence to support the jury's findings. There was no dispute about the failure of the appellants to pay child support to their children during a period of one year, which ended within six months of the date of the filing of the First Amended Petition. Both appellants admitted that fact. The only dispute concerned the ability of the appellants to pay the support during that period.

According to their testimony, the appellants' total gross income from December 15, 1975 through December 14, 1976 was at least $14,000.00. Mr. McGowen testified that during most of that time, he and Mrs. McGowen were making purchase payments of $147.50 per month on a house that they neither occupied nor rented. He also testified that in December of 1975, he and Mrs. McGowen entered into a contract with their attorneys for representation in the termination proceedings. Between December 15, 1975 and the commencement of trial, pursuant to that contract, the appellants had already paid "considerably" in excess of $3,000.00 as attorney's fees. The appellants stipulated that Mrs. McGowen, as a member of the United States Air Force, was entitled to obtain for her dependents free on-base medical treatment and very liberal compensation for off-base medical care.

The appellants admit that uncontradicted evidence demonstrated that they had some ability to support their children during the four months of March 1976 through June 1976. The appellants both testified repeatedly, however, that they were without the financial means to support their children during the other eight months of the one year period from December 15, 1975 through December 14, 1976, because of a total lack of income during December 1975, and because of numerous financial obligations.

Both appellants conceded under questioning that they might have had some ability to pay child support for their three children. They could have paid at least a portion of the $150.00 monthly payments specified in the court order of January 2, 1974 had they not made purchase payments on a house that they were not living in. Had the appellants chosen to comply with their duty to pay support rather than pay so much in attorney's fees, they easily could have paid support during most, if not all, of the one year period. Mrs. McGowen could have applied for and received reimbursement from the Air Force for the major part of her daughter Ardra's off-base hospitalization expenses.

The appellants contend that their inability to pay child support during any part of the one year period from December 15, 1975 through December 14, 1976, operates as a bar to termination of the parent-child relationship. The three cases cited by the appellants as authorities for that proposition are inapposite. In two of the cases, the parents against whom termination was sought had actually paid child support during part of the time period relied upon by the party seeking termination. *See Wiley v. Spratlan*, 543 S.W.2d 349 (Tex.Sup.1976); *Cawley v. Allums*, 518 S.W.2d 790 (Tex.Sup. 1975). In the case before us, no payment of any amount was made during the one year period relied upon for termination. In the third case relied upon by the appellants, there was no court order for child support, no request was ever made for payment of

child support, and the child was receiving adequate support from the parent seeking termination. *See Holley v. Adams*, 544 S.W.2d 367 (Tex.Sup.1976). Those factors are not present in the instant case.

■ Mrs. McGowen testified that during 1976 she never discussed with her husband the possibility of providing support for their three children. We think that the appellants' statements reflect a conscious disregard of their duty to provide support. Inability to provide support during some months will not interrupt the running of the one year period if no effort is made to pay support during other months in which there is a clear ability to pay. We believe, therefore, that there was some evidence from which the jury could have concluded that the appellants failed to support their minor children in accordance with their ability during a period of one year, which ended within six months of the date of the filing of the petition.

■ Just as there was sufficient evidence to sustain the jury's findings that the McGowens failed to support their three children in accordance with their ability, so was there sufficient evidence to support the findings that termination of the parent-child relationship would be in the best interest of the minor children. It was undisputed that during the thirty-five months between the entry of the order requiring child support and the commencement of the termination proceeding, the appellants never made a child support payment. There was testimony that HCCW expects parents to visit with their children at least once a month. During the thirty-five month period, Mr. McGowen visited Arthur three times, Ardra three times, and Michelle once. During that same period, Mrs. McGowen visited Arthur three times, Ardra once, and Michelle once. Although Mrs. McGowen often asked to visit her children, she rarely agreed on a specific time. There was testimony that the appellants were uncooperative in arranging meetings with HCCW personnel and that they were evasive about their whereabouts for long periods of time. There was evidence, finally, that termination of the parent-child relationship and

subsequent adoption of the children would give the children a more stable home life.

Although the appellants attempted to rebut each of these points and presented evidence tending to do so, conflicting evidence was presented, from which reasonable persons might have drawn differing conclusions. There was sufficient evidence from which the jury could have found that termination of the parent-child relationship was in the best interests of the three children. We will not disturb that finding on appeal.

■ The appellants contend in their third point of error that the trial court improperly excluded testimony concerning the specific one year period of time relied upon by HCCW in proving its case. The portion of the Texas Family Code relied upon by HCCW as a basis for termination provides in pertinent part:

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

  *   *   *   *   *   *

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; . . .

  *   *   *   *   *   *

and in addition, the court further finds that

(2) termination is in the best interest of the child.

Tex. Family Code Ann. § 15.02 (Supp. 1976–77). We read the statute as requiring the party seeking termination to show failure to support during any one year period that ends within six months of the date of the filing of the petition. There is no error in allowing the party seeking termination to offer proof of failure to support during numerous one year periods, provided each of the periods ends within six months of the date of the filing of the petition.

■ The appellants contend in their fourth, fifth and sixth points of error that the trial court erred in allowing the jury to hear certain testimony, evidence and argu-

ment. The appellants state, in this regard, that testimony concerning their failure to support their children during periods of time other than those applicable under section 15.02(1)(F) of the Texas Family Code was irrelevant, immaterial and prejudicial. The appellants claim, likewise, that evidence of a prior court order declaring the children to be dependent and neglected children and testimony and argument regarding the issue of adoption of the children were irrelevant, immaterial and prejudicial. We believe that the testimony regarding failure to support and the prior court order of dependency and neglect were evidence of acts or omissions by the parents that tended to indicate that the existing parent-child relationship was not a proper one. The testimony and argument regarding the issue of adoption of the children was relevant to show the plans made by HCCW in behalf of the children. The evidence concerning failure to support, the court order of dependency and neglect, and the issue of adoption was relevant, therefore, to show that termination was in the best interest of the children. *See Holley v. Adams*, 544 S.W.2d 367 (Tex.Sup.1976). We sustain the trial court's conclusion that the probative value of the evidence outweighed its possible prejudicial effect.

In their seventh point of error, the appellants attack section 15.02(1) of the Texas Family Code as being vague, ambiguous and violative of due process of law. The appellants argue, in this regard, that the statute does not apprise parents who have not been ordered to pay support of their legal duty to support, and does not inform them of the amount or degree of support that is required. We reject this contention. "Support" is a legal concept that has acquired a well defined and understood meaning. The term encompasses the contribution of money or services necessary for the maintenance of a person. *See, e. g., Friedman v. Friedman*, 521 S.W.2d 111 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Lockhart's Guardian v. Bailey Pond Creek Coal Co.*, 235 Ky. 278, 30 S.W.2d 955 (1930); *In re Vanderbilt's Estate*, 129 Misc. 605, 223 N.Y.S. 314 (Sur.Ct.1927); *Paquin v. Westervelt*, 93 Conn. 513, 106 A. 766 (1919). Both of the appellants testified that they were aware of their joint legal duty to pay $150.00 per month in child support. We cannot say, therefore, that the appellants were inadequately apprised of their legal obligation to provide support.

The appellants assert by their eighth and final point of error that the trial court erred in failing to exclude two portions of HCCW's Amended Petition. The appellants claim, firstly, that references to a prior order of dependency and neglect were irrelevant and should have been excluded. We reject this argument for reasons already stated. The appellants also contend that the Amended Petition misstates the record when it refers to a court order that the McGowens pay $150.00 per month in child support. The record contains an agreed order of the juvenile court, stipulated to by the appellants on January 2, 1974, which recites on its face that the appellants were required to pay $150.00 per month in child support. Both appellants acknowledged that obligation during their testimony.

The appellants' points of error having been fully considered and overruled, the judgment of the trial court is hereby affirmed.

Affirmed.