Oscar Franklin NEISWANDER,
Appellant,

v.

Larry Leon BAILEY, et ux, Appellee.

No. 05–81–01238–CV.

Court of Appeals of Texas,
Dallas.

Oct. 21, 1982.

Rehearing Denied Nov. 29, 1982.

James F. Newth, Dallas, for appellant.

Johnny W. Mims, Dallas, for appellee.

Before CARVER, STEPHENS and GUILLOT, JJ.

STEPHENS, Justice.

This is an appeal from a judgment of the district court in which appellant's parental rights to Robert Berry Neiswander and Jennifer Dee-Ann Neiswander were terminated under section 15.02(1)(F) of the Texas Family Code. In his sole point of error, appellant attacks the sufficiency of the evidence showing him to have failed to pay child support in accordance with his ability during a period of one year ending within six months of the date of filing the petition for termination. We overrule this point and affirm.

Termination of parental rights requires, in addition to proof of failure to pay child support in accordance with ability, proof that it is in the best interest of the child. Tex.Fam.Code Ann. §§ 15.02(1)(F), 15.02(2) (Vernon Supp.1982); *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex.1976). Both elements must be proven by clear and convincing evidence. *In re G.M.*, 596 S.W.2d 846 (Tex.1980).

We are unaware of any Texas case setting forth the standard of review to be afforded by an appellate court to those cases which require a fact to be proven by clear and convincing evidence, and none has been called to our attention. The standard of proof is an intermediate one, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. *In re G.M., supra*, at 847.

We are persuaded that the standard of review should likewise be an intermediate one. Consequently, we hold that in such cases, it is the duty of the appellate

court in reviewing the evidence to determine, not whether the trier of fact could reasonably conclude that the existence of a fact is more probable than not, as in ordinary civil cases, but whether the trier of fact could reasonably conclude that the existence of the fact is highly probable.[1]

The appellant does not challenge the sufficiency of the evidence as to whether termination was in the best interest of the children involved. Thus, that point will not be considered.

■ The evidence as to appellant's failure to pay in accordance with his ability reveals that appellant was ordered to pay twenty dollars per week as child support pursuant to a divorce decree entered in 1968. Appellant made no payments during the statutory twelve month period, and in fact, has made no payments in over a decade. Appellant has had continuous income from the time of the divorce to the present. Although appellant has experienced financial problems and has on occasion been unable to pay, he could not identify with specificity when those periods of inability occurred. Finally, appellant has been supporting several adult children.

We find that the record is adequate to support the conclusion that it is highly probable that appellant had the ability to pay child support during the statutory period and that he failed to do so.

Affirmed.

1. *See Beeler v. American Trust Co.,* 24 Cal.2d 1, 147 P.2d 583, 600 (1944) (Traynor, J., dissenting, and cases cited therein); *see also,* Comment, *Evidence: Clear and Convincing Proof: Appellate Review,* 32 Calif.L.Rev. 74 (1944).