**Alton V. WILLIAMS, Appellant,**

v.

**Jacqueline C. (Williams)
GAUL, Appellee.**

**No. 10–84–087–CV.**

Court of Appeals of Texas,
Waco.

Feb. 14, 1985.

Rehearing Denied March 14, 1985.

Ernest F. Clouser, Clouser, Brooks & Greenlee, Houston, for appellant.

Roy C. Engelke, Cynthia F. Driskell, Butler & Engelke, Dickinson, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Alton V. Williams, the natural father, from an order of the trial court terminating his parental rights to his daughters, Kedren Estelle Williams

and Kimberly Danielle Williams, ages 11 and 4 at time of trial.

The record reflects appellant and appellee were divorced in 1979 and appellee was appointed managing conservator of the couple's two minor children. Appellant was ordered to pay child support of $150 per month. On November 17, 1981, appellee filed suit to terminate appellant's parental rights, alleging appellant had failed to support the children in accordance with his ability during a period of one year ending within 6 months of the date of filing the petition and that termination of the parent-child relationship would be in the best interest of the children. Appellant generally denied appellee's allegations. A guardian ad litem was appointed for the children.

Trial was to a jury, the findings of which are summarized as follows:

1) We do find from clear and convincing evidence that Alton V. Williams failed to support his minor children in accordance with his ability during a continuous period of 12 consecutive months which ended within 6 months of the date of filing the petition.

2) We do find from clear and convincing evidence that termination of the parent-child relationship between Alton V. Williams and the minor children would be in the best interest of the minor children.

The decree of termination was signed December 16, 1983.

■ Appellant appeals on 2 points asserting insufficiency of the evidence to support the jury findings.

Section 15.02 of the Family Code provides in part:

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

(F) failed to support the child in accordance with his ability during a period of one year ending within 6 months of the date of the filing of the petition;

(K) . . .; and in addition, the court further finds that

(2) termination is in the best interest of the child.

Both elements must be proven by clear and convincing evidence. *In re G.M.*, S.Ct. 596 S.W.2d 846, 847; *Neiswander v. Bailey*, CA (Dallas) NWH, 645 S.W.2d 835. Clear and convincing proof has been defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *In re G.M.*, supra; *State v. Addington*, S.Ct., 588 S.W.2d 569, 570.

■ Point 1 asserts the evidence is insufficient to establish that appellant failed to pay child support in accordance with his ability during a period of one year ending within 6 months of the date of filing of the petition.

The petition in this suit was filed November 17, 1981; thus, the alleged failure of appellant to support the minor children in accordance with his ability involves a period of one year ending within 6 months of November 17, 1981. The relevant time period in this case extends from May 17, 1980, to November 17, 1981.

Appellant testified that his primary income during this period was in the form of student loans, $2,500 per semester for 2 semesters, which enabled appellant to attend law school. He further testified that tuition and book expenses amounted to approximately $700 to $800 per semester. Appellant stated he worked approximately 10 days during the fall of 1980, earning approximately $1,000. He testified that support from his mother, brother and friends during the period in question amounted to approximately $100. The record reflects appellant was employed from June or July to mid-August, 1981, as a maintenance mechanic and netted approximately $2,000. Appellant testified to working from August to December, 1981, as a pump mechanic, earning $1670 per month.

Appellant admitted and the Deputy District Clerk testified that from May 17, 1980, through November 17, 1981, no child support payments had been made. The record further reflects that appellant did not attempt to contribute to the support of the children in any way during the relevant period. Inability to provide support during some months will not interrupt the running of the one year period if no effort is made to pay support during other months in which there is an ability to pay. *In the Interest of S.K.S.*, CA (San Antonio) NWH, 648 S.W.2d 402, 404. *McGowen v. State*, CCA (Houston-1st) NRE, 558 S.W.2d 561, 565.

█ We hold the trier of fact could reasonably have concluded as highly probable that appellant failed to support his minor children in accordance with his ability during a continuous period of 12 consecutive months ending within 6 months of the date of the filing of the petition. See *Neiswander v. Bailey*, supra.

Point 1 is overruled.

Point 2 asserts the evidence is insufficient to support a finding that termination of appellant's parental rights is in the best interest of the children.

█ The best interest of the children will always be the primary consideration of the Court. See *Wiley v. Spratlan*, S.Ct., 543 S.W.2d 349. A strong presumption exists that the interest of the minor child is served by maintaining the parent-child relationship, and this presumption may only be rebutted by clear and convincing evidence. *In re G.M.*, supra. Termination of parental rights is final, complete and irrevocable. A declaration to sever the relationship must be made only upon the most solid and substantial reasons, because it permanently divests the parent and child of all legal rights, privileges, duties and powers regarding each other except the child's right to inherit. *Wiley v. Spratlan*, supra. Among the factors to be considered in ascertaining the best interest of the child are:

1) The emotional and physical needs of the child now and in the future;
2) The emotional and physical danger to the child now and in the future;
3) The parental abilities of the individual seeking custody;
4) The plans for the child by the individual seeking custody;
5) The acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
6) Any excuse for the acts or omissions of the parent.

*Holley v. Adams*, S.Ct., 544 S.W.2d 367, 372; *Allred v. Harris County Child Welfare Unit*, CA (Houston-1st) NRE, 615 S.W.2d 803, 807. An additional consideration consists of whether a step-parent is wishing to adopt the child and assume parental obligations. *Dressler v. Aldridge*, CA (El Paso) NWH, 567 S.W.2d 48, 50.

█ In the case before us, Dr. Dru Copeland, a clinical psychologist, testified after having examined both children that they are extremely well-adjusted children. Although the psychologist stated that Kedren, the older child, is generally cautious and distrustful, she also testified that Kedren does very well in school and relates well to adults and teachers. Dr. Copeland testified Kedren fears being separated from her mother and perceives her father as an aggressor, but the doctor also stated the situation could be remedied by a strong commitment and that it was possible to alter Kedren's view of her father as an aggressor. Dr. Copeland testified that Kim's perception of her father is based upon fantasy, as she has not seen him since she was a month or two old.

The record reflects appellant never physically abused either child. Nor is there a step-parent desiring to adopt the children and take on parental responsibilities. The record reflects appellee had remarried after divorcing appellant, but at time of trial she has since divorced her second husband. No physical danger or great emotional danger appears from the record. The record is silent regarding plans for the children by

appellee. It is not contemplated that the children will be permanently removed from the care of their mother, the appellee. We think the evidence falls far short of establishing that termination of appellant's parental rights is in the best interest of the children.

Point 2 is sustained, which requires a reversal. We render judgment reinstating appellant's parental rights.

REVERSED AND RENDERED.