NO. 07-01-0336-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 16, 2002
_____

IN THE INTEREST OF B.L.W. and R.S.W.
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 20,312; HON. TOM NEELY, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Appellant Daryla Jo Woolf Piper (Daryla) appeals from a final order terminating the parental relationship between her and her biological children, BLW and RSW. The five issues presented to us involved the sufficiency of the evidence underlying the decision to terminate. We overrule each and affirm the judgment.

### Background

Ricky Allan Woolf (Ricky) and Daryla were married on or about September 14, 1990. Two children, BLW and RSW, were born of the marriage. Subsequently, Ricky petitioned for a divorce from Daryla on August 16, 1993. The divorce was granted. Furthermore, the trial court designated Ricky the managing conservator of the two children and Daryla, the possessory conservator.

Later, upon motion filed by Ricky, the court ordered that Daryla pay Ricky child support of $239.36 per month. The order was signed on April 10, 1997. Daryla did not make the payments as ordered. Indeed, the only sum she paid between the date of the order and the time the court convened trial upon the motion to terminate (*i.e.* July 6, 2001) was $8.32.

Ricky thereafter filed his petition to terminate the parent child relationship between Daryla and the children on June 2, 2000. He alleged that she had

> (a) voluntarily left the children alone or in the possession of another without providing adequate support for the children and remained away for a period of at least six (6) months; and (b) failed to support the children in accordance with her ability during a period of one (1) year ending within six (6) months of the date of the filing of [the termination] petition.

Upon convening a trial and receiving evidence from Ricky, Karen Woolf (Ricky's wife of four years) and Daryla, the trial court found, by "clear and convincing evidence," that 1) Daryla had "failed to support the children in accordance with her ability during a period of one year ending within six months of the date of the filing of the petition" and 2) the best interests of the children supported termination of the parent child relationship between Daryla, BLW and RSW. It then ordered that the relationship be terminated. It is from that order which Daryla now appeals.

### Standards of Review

The applicable standard of review is discussed in *In re M.D.S.*, 1 S.W.3d 190 (Tex. App.--Amarillo 1999, no pet.) and *In re R.D.S.*, 902 S.W. 2d 714 (Tex. App. --Amarillo 1995, no writ). We refer the litigants to same.

Next, a trial court may terminate the parent child relationship for various statutory reasons. Those relied upon here involved the parent's failure to support the child in accordance with the parent's ability during a period of one year ending within six months from the date of the filing of the petition and the best interests of the child. TEX. FAM. CODE ANN. §161.001(1)(F) & (2) (Vernon Supp. 2002).

### Issues One and Two – Failure to Support Children

Through issues one and two, Daryla claims that the evidence was both legally and factually insufficient to support the findings that she 1) failed to support the children for one year ending within six months of the date the petition was filed and 2) had the ability to support the children. We disagree and overrule the issues.

Of record is evidence that: 1) Daryla was ordered to pay a monthly child support payment of $239.30 beginning April 15, 1997; 2) the only support payment she paid since April 1997 was $8.32; 3) Daryla admitted that she had not financially supported the children from January 5, 1998 through July 6, 2001; 4) Daryla stated she had worked at times and was capable of working but chose to quit her various jobs and not pursue further employment; 5) Daryla understood her legal obligation to support the children and had no excuse for not doing so; 6) Daryla admitted that she "ha[d] not given any support of the children during the period of one year ending within six months from the date of the filing of this [termination] petition"; 7) Ricky stated that Daryla had not provided the children with any support for one year ending within six months of the date he initiated suit to terminate the parent child relationship; and, 8) counsel for Daryla represented to the trial court that

3

the petition to terminate the relationship was filed on June 2, 2002.[1]  The preceding constitutes legally sufficient evidence upon which a trial court could hold that Daryla clearly and convincingly failed to support her children as contemplated by §161.001(1)(F) of the Texas Family Code.  And, when the record is considered in its entirety, we cannot but find that the determination also enjoys the support of factually sufficient evidence.

### Issues Three, Four and Five – Best Interests of the Children

Through her remaining issues, Daryla claims that the evidence was legally and factually insufficient to support the finding that the best interests of each child would be furthered by termination of the parental relationship.  We disagree and overrule the issues.[2]

Of record is evidence that: 1) Daryla had no contact (be it by mail, phone or personal appearance) with either child between April 1997 and July 2001 (the time of trial); 2) Daryla had not mailed the children cards during that time period nor provided them with any gifts; 3) save for $8.32, Daryla had not provided financial support for her children during that period despite her ability to work and her recognition of her duty to support; 4)

---

[1]While unsworn testimony of counsel usually constitutes no evidence, it may if no one objects to the factual representations.  *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997).  Here, no one objected to the factual representations of counsel for Daryla regarding the date on which the petition was filed.  Thus, it is some evidence of the date on which the petition to terminate was filed.

[2]For the most part, Daryla's contentions are founded upon the opinion in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976).  There, the court listed a number of indicia which "have been or would appear to be pertinent" in assessing the best interests of the child.  *Id.* at 371-72.  Furthermore, Daryla suggests that the findings at bar are deficient because Ricky failed to present evidence developing each factor.  However, nowhere does the court in *Holley* say that each indicia must be addressed before the trial court can make a legitimate determination regarding best interests.  Nor does it hold that the indicia mentioned are exclusive.  Indeed, quite the opposite is true given the court's statement that "[t]his listing is by no means exhaustive." *Id.* at 372.  In other words, the factors mentioned in *Holley* are simply examples of things worthy of consideration; they are by no means the only ones to consider.  Nor must each be considered as long as the factors actually developed support the decision that termination is in the best interest of the child.

Daryla explained her failure to retain employment by simply stating that she made "bad choices in life"; 5) Daryla conceded that the children's step-mother (Karen) had "taken good care of [the] kids"; 6 ) the children developed a mother / daughter and mother / son relationship with Karen, are "real close" to her, and treat her as their mother; 7) Karen wishes to adopt the children and had been their mother figure for the last four years; 8) the children do not know their biological mother or what she looks like; 9) BLW does not want to see Daryla while RSW may; and, 10) both Ricky and Karen believe termination of the parent child relationship was in the best interests of the children.[3]  Combined, this evidence provides ample basis upon which a trial court could have found, clearly and convincingly, that termination of the parent child relationship was in the best interests of the children, BLW and RSW.[4]  *See Fite v. Nelson*, 869 S.W.2d 603, 607-608 (Tex. App.–Houston [14th] 1994, no pet.) (holding that the best interests of the child supported termination where the father rarely visited his son, failed to write or call the boy, gave him no Christmas gifts or cards for five years, never contacted the boy's teachers or doctors,

---

[3]Daryla did state that she loved the children and had attempted to see them once after Ricky initiated the termination proceedings.  Karen disputed the allegation that Daryla had even attempted to see them once.  Furthermore, the trial court could well have concluded that a profession of love is hollow when made by one who did not attempt (even on holidays and birthdays) to interact with the children, offered no substantive explanation for her failure to contact them or act like a caring mother, offered them neither physical, emotional nor financial support, allowed another to act as her substitute, deigned to contact them only once and only after termination proceedings began, and who is all but unknown to the children she supposedly loves.

[4]We reject Daryla's suggestion that the trial court must enter separate findings regarding the best interests of the child with regard to each child before its decision can be deemed legitimate.  It is true that the trial court must find that termination is in the best interests of the child.  Yet, when there are multiple children involved and the acts and indicia warranting termination are the same as to each child (as they are here), we see nothing wrong in the court wording its order so as to find that the "best interests of the *children*" support termination.

5

the boy feared being taken away, and the boy's grandparents provided the boy a home, education, and religious foundation).

In short, Ricky presented evidence touching upon many of the factors itemized in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976) and justifying termination of the parent child relationship. Those factors included the desires of the child, the parental ability of the mother, the stability of the home, the relationship between mother and child, the relationship between the children and those meeting their current physical, emotional, and financial needs, the emotional stability of the children, the acts or omission of the parent made subject of the suit and any excuses for that parent undertaking those acts and omissions. While not each of the criteria alluded to in *Holley* may have been addressed, nonetheless, enough evidence was presented to illustrate why termination was in the best interests of each child, and trial court's decision to that effect finds both legally and factually sufficient evidentiary support.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

6