11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In the
Interest of R.N.G. and S.L.G., children 

No.
11-02-00084-CV  --  Appeal from Nolan County

 

The trial
court terminated the parental rights of Tina L. Gotcher to her children, R.N.G.
and S.L.G., pursuant to TEX. FAM. CODE ANN. ' 161.001 (Vernon 2002).  The
judgment and the conclusions of law show that the trial court terminated Tina=s parental rights after determining that
three of the enumerated reasons in Section 161.001(1) had been proved by clear
and convincing evidence:  that Tina
voluntarily left the children alone or in the possession of another without
providing adequate support and remained away for a period of at least six
months, Section 161.001(1)(C); that Tina knowingly placed or knowingly allowed
the children to remain in conditions or surroundings that endangered the
physical or emotional well-being of the children, Section 161.001(1)(D); and
that Tina failed to support the children in accordance with her ability during
a period of one year ending within six months of the date of the filing of the
petition in this case, Section 161.001(1)(F). 
The trial court also found that termination was in the best interest of
the children.  Section 161.001(2).  Tina appeals.  We reverse and remand.  

Tina
presents six points of error for review. 
In the first and second points of error, she contends that the evidence
is legally and factually insufficient to show that she left the children alone
or in the possession of another without providing adequate support.  In the third and fourth points, Tina asserts
that the evidence is legally and factually insufficient to show that the
children were in conditions or surroundings that endangered their
well-being.  In the fifth point, Tina
argues that the evidence is factually insufficient to show that she failed to
support her children in accordance with her ability during a one year period
ending within six months of the date of the petition.  In her final point, Tina contends that the evidence is legally
and factually insufficient to show that termination was in the best interest of
the children.  








The
natural right that exists between parents and their children is a
constitutionally protected right, and termination of the parent‑child
relationship can only be justified by the most solid and substantial
reasons.  Wiley v. Spratlan, 543 S.W.2d
349, 352 (Tex.1976).  In order to
terminate a parent=s
rights under Section 161.001, the trial court must find by clear and convincing
evidence that termination is in the best interest of the child and that the
parent committed one of the acts enumerated in Section 161.001(1).  In order for us to determine if the evidence
is legally sufficient on appeal, we must consider only the evidence and
inferences tending to support the finding and disregard all evidence and
inferences to the contrary.  If there is
any probative evidence to support the finding, we must uphold the finding.  Lucas v. Texas Department of Protective and
Regulatory Services, 949 S.W.2d 500, 502 (Tex.App. - Waco 1997, writ den=d); Swinney v. Mosher, 830 S.W.2d 187, 194
(Tex.App. - Fort Worth 1992, writ den=d).  In order to determine if
the evidence is factually sufficient to support the termination of a
parent-child relationship, we will apply the heightened standard of review
recently announced by the supreme court in In the Interest of C.H., a minor
child, 45 Tex. Sup. Ct. J. 1000, 2001 WL 1903109 (July 3, 2002).  We must determine Awhether the evidence is such that a
factfinder could reasonably form a firm belief or conviction about the truth of
the State=s allegations.@  In the Interest of C.H., a
minor child, supra at 1005 and at *8.








In the
petition filed in this case, the children=s father, Lindley Nealon Gotcher, Jr. (Neal), and their stepmother,
Michelle Gotcher, sought to terminate the parent-child relationship between
Tina and the children and also sought to have the children adopted by
Michelle.  At the time of trial in 2002,
the children were ten and nine years old. 
The record shows that Neal and Tina divorced in 1996.  They agreed that the children should remain
with Neal as the managing conservator in the family=s home. 
They also agreed at the time that Tina, who was not employed, would pay
no child support.  Tina exercised her
right to visitation sporadically and eventually moved with her fiancé to
California.  In March of 1999, Tina
agreed to modify the existing court order to allow her parents to Ado her visits@ and to require Tina to pay $150 per month in child support.  Tina has paid no child support, not even Aa penny.@  During the summer of 1999,
Tina brought the children to California for a 45-day visit.  The last time Tina saw the children was in
January of 2000.  She attempted to see
the children in July of 2001, but Neal would not allow her to see them.  During her absence, Tina had some contact
with the children through her parents. 
Also during her absence, Tina became a Adrug addict,@ which
led to her arrest on about December 15, 2000, at which time she spent 48 days
in jail.  Tina was also confined from
March 16, 2001, to July 11, 2001.  Tina
testified about her sporadic work history and her financial difficulties.  She also testified, however, that she spent
around $500 or $600 per week on drugs but that most of this money came from her
fiancé=s income. 
Tina acknowledged at trial that she had made mistakes.  She also testified that she had been Aclean@ for a year; that she had completed several classes while in jail,
including a parenting class; and that she had held a job for the past nine
months.  

We hold
that the findings under Section 161.001(1)(C) & (D) cannot be upheld.  The uncontroverted evidence shows that Neal
and Michelle provided a wonderful home for the children and that the children
thrived in this environment.  There is
no evidence that Tina knowingly placed or knowingly allowed the children to
remain in conditions or surroundings that endangered their well-being.  See Section 161.001(1)(D); In the Interest
of D.T., a Child, 34 S.W.3d 625, 632 (Tex.App. - Fort Worth 2000, pet=n den=d).  Furthermore, there is no
evidence that Tina left the children alone or in the possession of another
without providing adequate support and remained away for a period of six
months.  The uncontroverted evidence
shows that Tina left the children with Neal pursuant to the agreed divorce
decree and that Neal maintained steady employment and adequately supported the
children.  Under Section 161.001(1)(C),
a parent is only Arequired
to make arrangements for the adequate support rather than personally support
the children.@ 
Holick v. Smith, 685 S.W.2d 18, 21 (Tex.1985).  The finding under Section 161.001(1)(C) cannot be upheld because
the evidence shows that Tina left the children with their father, knowing that
he would provide adequate support. 
Under these circumstances, Tina made adequate arrangements for the
support of her children even though she personally failed to support them.  Consequently, the first and third points of
error are sustained.  We need not reach
the second and fourth points, which challenge the factual sufficiency of the
evidence in support of these same findings. 
TEX.R.APP.P. 47.1.  








In her
fifth point of error, Tina contends that the evidence is factually insufficient
to support the finding under Section 161.001(1)(F) that she failed to support
the children in accordance with her ability during a 1 year period ending
within 6 months of the filing of the petition in this case.  The petition was filed on July 20,
2001.  Therefore, the record must show
by clear and convincing evidence that Tina failed to support the children for
12 consecutive months between January 20, 2000, and July 20, 2001, and that she
had the ability to support her children during the 12 consecutive months.  Section 161.001(1)(F); In the Interest of
M.A.N.M., a Child, 75 S.W.3d 73, 78 (Tex.App. - San Antonio 2002, no pet=n). 
Tina admitted that she made no support payments.  Thus, the question centers on her ability to
support the children.  An inability to
provide support during some months will not interrupt the running of the 1 year
period if no effort is made to pay support during other months in which there
is a clear ability to pay.  Williams v.
Gaul, 687 S.W.2d 85, 88 (Tex.App. - Waco 1985, no writ); McGowen v. State, 558
S.W.2d 561, 564-65 (Tex.Civ.App. - Houston [14th Dist.] 1977, writ ref=d n.r.e.). 


Tina, her
parents, and Neal testified about Tina=s financial difficulties.  The
record shows that Tina was not employed outside the home but was a Astay-at-home mom@ while she was married to Neal.  Tina got a AGED@ after her second child was born.  After the divorce, Tina had various
part-time jobs and never worked for 12 consecutive months.  Tina testified that she was unemployed from
December 1999 to June 2000.  Tina
explained that the reasons for her unemployment during this time period were
that she had no means of transportation, that she could not find a job even
though she Aput in some applications,@ and that she did not have to work because
all of her needs were being met (meaning that she was being supplied with
drugs).  In June 2000, Tina worked for 2
weeks at a Denny=s. 
She was subsequently employed part-time at a Ahamburger place@ making $8 an hour and then as a waitress at a restaurant until March
2001.  The evidence shows that Tina was
incarcerated for 48 days beginning about December 15, 2000, and for another 872  days
beginning on March 16, 2001, and ending on July 11, 2001.  Tina also testified that she had no assets
with which to satisfy her duty to support her children and that at various
times she was homeless, received government assistance, or lived A[d]ay to day@ off of her fiancé=s earnings and the charity of his friends.  During this time period, however, Tina spent between $500 and
$600 per week to support her drug addiction and sent no money to help support
her children.  








We hold
that the evidence is factually sufficient for the trial court to reasonably
have formed a firm belief that Tina did not support her children in accordance
with her ability.  There was testimony
that, during the period from January to June 2000, Tina was voluntarily
unemployed because her needs were being met and that, when she was employed
from July 2000 up until her incarceration, she did not make any support
payments.  Tina=s testimony reflecting that she had $500 to
$600 per week at her disposal to purchase drugs clearly shows that she had the
ability to support her children. 
Although Tina may not have had the ability while incarcerated to support
her children, the evidence reflects that she failed to provide any support
during the previous 11 months in accordance with her ability.  Her inability to provide support during the
short term of incarceration encompassed within the one year period beginning on
January 20, 2000, does not interrupt the running of the one year period because
Tina made no effort whatsoever to support her children during the other months
in which she had a clear ability to pay. 
See McGowen v. State, supra.  The
fifth point of error is overruled. 

In her
final point, Tina challenges the legal and factual sufficiency of the evidence
in support of the finding that termination is in the best interest of the
children.  The Texas Supreme Court has
provided a nonexclusive list of factors for the fact finder to consider when
ascertaining the best interest of a child: 
(1) the desires of the child; (2) the present and future emotional and
physical needs of the child; (3) the present and future emotional and physical
danger to the child; (4) the parental abilities of the individuals seeking
custody; (5) the programs available to assist these individuals to promote the
best interests of the child; (6) the plans for the child by these individuals
or by the agency seeking custody; (7) the stability of the home or proposed
placement; (8) the acts or omissions of the parent that may indicate the
existing parent‑child relationship is not a proper one; and (9) any
excuse for the acts or omissions of the parent.  Holley v. Adams, 544 S.W.2d 367, 371‑72 (Tex.1976).  








In
considering the issue regarding the best interest of the children, we note that
the trial court did not have the benefit of a guardian ad litem to represent
the interests of the children.  The
trial court found that the interests of the children would be adequately
represented by Neal and Michelle.  See
TEX. FAM. CODE ANN. '
107.001 (Vernon 2002).  Because Neal and
Michelle had a personal interest in this case, the trial court should have
appointed an ad litem to represent the interests of the children.  Chapman v. Chapman, 852 S.W.2d 101 (Tex.App.
- Waco 1993, no writ); Barfield v. White, 647 S.W.2d 407 (Tex.App. - Austin
1983, no writ); see Section 107.001(a) & (e).  We also note that no social study or home screening was conducted
as provided for by TEX. FAM. CODE ANN. '' 107.051 & 107.0511 (Vernon 2002). 


The record
shows that the desires of the children were not considered in this case.  Although Tina requested that the trial court
confer with the children, the trial court denied Tina=s request. 
The only evidence regarding the children=s knowledge of the proceedings in the trial court was that Neal Atried not to explain anything to the kids
about this proceeding.@  Tina=s mother testified that the children thought they were going to be
adopted by Michelle and that they would have two mothers after the proceedings
in the trial court were concluded.  The
evidence presented by the parties showed that the children had a relationship
with Tina and that they loved her.  The
children sent her drawings and letters, and they talked to her on the phone
occasionally.  

With
respect to the present and future emotional needs of the children, the record
shows that the needs of the children are being met and will continue to be
met.  The children are thriving in their
current situation.  Neal and Michelle
and their relatives testified that it would be in the best interest of the
children to terminate their relationship with Tina and to allow Michelle to
adopt the children. Tina and her parents testified to the contrary.  No expert testimony was offered at
trial.  

There was
little testimony regarding any present or future emotional or physical danger
to the children.  Neal and Michelle
testified that Tina upset and confused the children by telling them not to
refer to Michelle as Amom@ because she is only a Afake mom@and that Tina smoked and consumed alcoholic beverages in the presence
of the children.  Neal testified that he
was concerned about the children=s safety and well-being because of Tina=s past actions, which were Aalways a little worse and a little worse@ despite her promises to Ado better.@  Neal and Michelle expressed concern that
Tina could just come take the children away from Michelle if something were to
happen to Neal.[1]  








As for the
parental abilities of the persons seeking custody and the parties= plans for the children, the clear and
convincing evidence shows that Tina=s parental abilities are lacking and that Neal and Michelle are
wonderful parents.  Tina, however, is
not seeking custody of the children but would only like to have Asome contact@ with them.  She testified that
the children were in a good, stable home and that she was thankful that Neal
and Michelle were there for the children. 
Various programs are available to assist the parties in furthering the
best interest of the children.  Tina
completed a parenting course and a drug rehabilitation program while
incarcerated.  Also, supervised
visitations could be arranged.  Tina did
not express any plans for the children, other than a desire to have some
contact with them.  Neal and Michelle
planned for the children to be adopted by Michelle, to have no further contact
with Tina, and to continue their relationship with Tina=s parents A[i]f the visits keep going like they are going@ and no problems develop.  

Tina=s past actions and omissions have been at
odds with the development of an appropriate parent-child relationship.  Since her divorce from Neal, Tina has not
been there for her children and has not behaved as a mother should.  However, because termination of the parent‑child
relationship can only be justified by the most solid and substantial reasons,
we cannot uphold the termination in this case. 
No guardian ad litem was appointed to represent the interests of the
children, and no expert testimony was offered regarding whether termination
would be in the best interest of the children. 
Under the circumstances of this case, the best interest of the children
was not proved by clear and convincing evidence, and the fact finder could not
reasonably have formed a firm belief that termination was in the best interest
of the children.  

We hold
that, although there is some evidence to support the trial court=s finding that termination is in the best
interest of the children, the evidence is factually insufficient to support
such a finding.  We sustain the sixth
point of error to the extent that it challenges the factual sufficiency of the
evidence.  Although the evidence is
sufficient to support the finding under Section 161.001(1)(F), it is factually
insufficient to support the additional finding required by Section 161.001(2)
regarding the best interest of the children. 
Consequently, we must remand the cause to the trial court.  

 








Accordingly,
the judgment of the trial court is reversed, and the cause is remanded.  

 

W. G. ARNOT, III

CHIEF
JUSTICE

 

December 12, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]See, however, TEX. FAM. CODE ANN. '' 102.001-.003 (Vernon 2002).